## Case No. 3,365a.

### CRAWFORD v. The BUFFALO.

[14 Betts, D. C. MS. 85.]

District Court, S. D. New York. Dec. 30, 1848.

#### CONFLICT OF EVIDENCE.

[Upon a conflict of evidence, where there is no method of testing the facts except the statement of witnesses, and where other things are equal, the greater number of witnesses should prevail.]

[In admiralty. Libel by Hugh Crawford, owner of the schooner Mary, against the steamboat Buffalo, for damages sustained by collision. The libelant died before the hearing, but the suit was continued by his administratrix, Isabella L. Crawford.

[By stipulation between the respective parties, Eli Kellum, master of the schooner, who had also libeled the steamboat for fre'ght, loss of personal property, etc., and with William and Anson Gray, owners of the lost cargo, who had likewise libeled the Buffalo, agreed to abide the result of this suit, which was to be first tried.]

BETTS, District Judge. The result of the collision between the Mary, owned by the intestate, and the Buffalo, at Crown Elbow on the North river on the 15th July, 1847, was the total loss of the schooner and her cargo of coal. The testimony was taken with great precaution by counsel before the court in July last, and the cause has been now critically argued on paper. After re-studying the testimony and examining with careful attention the argument for the libellants, I still feel, as on the hearing, that the court can resort to no criticism by which to determine the controlling fact in contestation other than that of yielding faith to the majority of witnesses. When the two vessels approximated each other, and were in imminent danger of meeting, was the steamer on the east or west shore of the river going down, and was

the schooner on the west or east shore going up? The captain and one hand on board the schooner place the steamer on the west shore, and state that she crossed the river and came into the schooner holding a stra'ght course up the east side. That the schooner had no light on her deck and none in sight except one shown a moment by the captain to warn the steamer, which was then extinguished. The pilot and eng'neer of the steamer, the masters of the three barges in tow by the steamer, and three deck hands on these barges,—in all eight witnesses,—unite in an opposite statement, and substantially concur in asserting that the schooner ran over from the west across the bows of the steamer and her barges, and thus received her fatal wound; and also that she had on her deck when crossing the river, and at the moment of collision, a light burning in a lamp. There are some discordances between some of the statements of these witnesses and also between some of them and statements in the answer, but they do not go to the discredit of the witnesses, nor furnish evidence in behalf of the libellants to aid in support of the action. A like difference is found in the representations of the master of the schooner, and his helmsman, but I do not consider those particulars distracting essentially from the integrity of the several witnesses or their title to the confidence of the court. I perceive no reason to doubt that every man has sworn conscientiously according to his impressions, and where they are of like intelligence and probity, and there is no means supplied for reconciling discordant statements of facts by witnesses, I know of no other way for courts and juries to ascertain the truth than by reposing faith in the greater number. It becomes a point of presumption and probability which on a naked asseveration of a fact inclines always (other considerations being equal) to the side of the majority of witnesses.

When the matters testified are susceptible of being tested and determined independently of the asseverations of the witnesses, tribunals of justice are not to be governed by the consideration of mere numerical preponderance; but this is not that case, and, adopting the sole rule which in my judgment can be applied here, I am bound to pronounce that the allegations of the libel fixing fault on the steamer are disproved on the part of the claimants, and that the action must accordingly be dismissed. I shall exercise the discretion placed in admiralty courts by law, and because the suit is in the name of an administratrix shall not charge her with the costs. Decree accordingly.

[NOTE. This action was tried with two others,—one by Eli Kellum, master of the schooner, to recover for loss of freight, clothing, etc., and the other by William and Anson Gray, owners of the cargo. A stipulation was entered into by the parties libelants, by which it was agreed that this action should be first tried, and that the decision of the other two should depend upon the event of that, except as to the amount of

damages. After the decree the claimants of the Buffalo moved for a decree for costs in the actions by Kellum and the Grays, and the motion was granted. Case No. 2,110.]